UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AAKASH, INC., d/b/a Park Central Care and Rehabilitation Center, *et al.*, <br><br> Defendants. | Civil Action No. 20-0956 (CKK) |

**MEMORANDUM OPINION**
(March 26, 2025)

On March 10, 2025, this Court granted Plaintiffs' [58] Motion for Default Judgment but deferred entry of judgment for fourteen days to allow Defendants time to appear through counsel and move for reconsideration of this Court's rulings on Plaintiffs' [53] Motion for Leave to File Amended Complaint and [58] Motion for Default Judgment. Fourteen days have now passed, and Defendants have not filed any response.

The Court is satisfied that venue is proper in this District and that the Court has both subject-matter jurisdiction over this case and personal jurisdiction over Defendants. Venue is proper in the District of Columbia because the relevant Pension Fund is administered in this District. *See* 29 U.S.C. § 1132(e)(2); Am. Compl., ECF No. 3, ¶ 3. This Court has subject-matter jurisdiction because Plaintiffs' claims arise under federal law and because the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and the Labor Management Relations Act, as amended ("LMRA") confer jurisdiction on federal district courts to hear and adjudicate those claims. *See* Am. Compl. ¶¶ 32, 42, 52, 62; 28 U.S.C. § 1331; 29 U.S.C. §§ 185(a), 1132(e)(1), 1132(f). And this Court has personal jurisdiction over Defendants because (1) ERISA

1

provides for nationwide service of process in actions like this one, and (2) Defendants were served and subsequently appeared through counsel and filed an Answer in this action without contesting personal jurisdiction.  *See* 29 U.S.C. § 1132(e)(2); *SEC v. Bilzerian*, 378 F.3d 1100, 1106 n.8 (D.C. Cir. 2004) ("[T]he requirement of 'minimum contacts' with a forum state is inapplicable where the court exercises personal jurisdiction by virtue of a federal statute authorizing nationwide service of process."); *I.A.M. Nat. Pension Fund, Ben. Plan A v. Wakefield Indus., Div. of Capehart Corp.*, 699 F.2d 1254, 1261 (D.C. Cir. 1983) (noting that ERISA provides for "nationwide service of process" (quoting H.R. Rep. No. 93–533 (1973))); Fed. R. Civ. P. 12(h)(1) (providing that a defense of lack of personal jurisdiction is waived if a party fails to "make it by motion" or "include it in a responsive pleading"); ECF Nos. 4, 7, 11.

Therefore, for the foregoing reasons and all the reasons stated in the Court's prior [61] Memorandum Opinion and Order, which this Court hereby incorporates and makes part of this Opinion, the Court finds that Plaintiffs are entitled to default judgment for the proposed amounts in all respects, amounting to a total of $399,652.27 in unpaid contributions; $228,331.57 in liquidated damages; $2,929.36 in audit testing fees; at least $224,008.29 in interest, which shall continue to accrue on the amounts due until the judgment is paid; and $29,258.69 in attorneys' fees and costs.  Because Defendants are deemed to admit Plaintiffs' allegation that Defendants are "alter egos" of one another, Defendants shall be jointly and severally liable for these sums.  *See* Am. Compl. ¶¶ 40, 50, 60, 70.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:**  March 26, 2025

*Colleen Kollar-Kotelly*
COLLEEN KOLLAR-KOTELLY
United States District Judge